# EXHIBIT 1

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-06786-S4
9/14/2021 7:09 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Katherine L. Parker**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____   **21-C-06786-S4**

VS.

**BIRD RIDES, INC. and**

**XYZ CORPORATIONS NOS. 1-5**

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Michael D. Goodman
Goodman & Goodman, LLP
6445 Powers Ferry Road, NW, STE 265
Atlanta, GA 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**14TH**_____ day of _____**SEPTEMBER**_____, 20_**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06786-S4**
**9/14/2021 7:09 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KATHERINE L. PARKER )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIRD RIDES, INC. and XYZ )<br>CORPORATIONS NOS. 1-5 )<br>)<br>)<br>Defendant. ) | CIVIL ACTION **21-C-06786-S4**<br>FILE NO.: _____<br><br><u>JURY TRIAL REQUESTED</u> |

---

## COMPLAINT FOR DAMAGES

---

COMES NOW Plaintiff above-named, by and through counsel, and for her causes of action against the Defendants herein, show the Court as follows:

1.

Defendant BIRD RIDES, INC. (hereinafter referred to as "Bird") is a Delaware corporation, with principal offices located at 406 Broadway, No. 369, Santa Monica, CA 90401, and is subject to the jurisdiction and venue of this Court.

2.

Defendant Bird may be served through it registered agent in Georgia, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, GA 30046 (Gwinnett County).

3.

Defendants XYZ CORPORATIONS NOS.1-5, are fictitious names for currently unknown business entities, whether in corporate, limited liability company, partnership, sole

proprietorship, or other form who are subject to the jurisdiction and venue of this Court (hereinafter referred to as "XYZ Corps."). XYZ Corps. may bear legal responsibility, in whole or part, for the injuries and damages sustained by the Plaintiff and she may amend her Complaint after the identity of XYZ Corps. becomes known through discovery.

4.

On September 20, 2019, Plaintiff Katherine Parker rented a motorized scooter (hereinafter referred to as "scooter") from Defendant Bird and was operating it on the sidewalk adjacent to Ivan Allen Jr. Boulevard, NW, Atlanta in Fulton County, State of Georgia.

5.

While Plaintiff was operating the scooter on September 20, 2019, its brakes failed.

6.

At the time the brakes failed, Plaintiff was on a downhill grade approaching an intersection. Fearing that she would cross into traffic in the intersection, Plaintiff was forced to jump off the scooter and fell onto the sidewalk, suffering serious bodily injury.

7.

Bird was negligent in providing Plaintiff with a rental scooter with brakes that failed on a downhill grade.

8.

Bird was negligent in failing to properly inspect and maintain the brakes on the rental scooter.

9.

Bird was negligent in failing to warn Plaintiff that the brakes on the scooter were not in good and proper working order.

10.

Alternatively, Bird was negligent in failing to provide adequate instructions about the proper use and limitations of the brakes on the scooter.

11.

The acts and omissions of Bird constitute a failure to exercise ordinary care for the safety of Plaintiff and other members of the public. Bird is liable to Plaintiff for its negligence.

12.

The negligent acts and omissions of Bird constitute a violation of City of Atlanta Ordinance No. 18-0-1322 (City of Atlanta Administrative Regulations Regarding Shared Dockless Mobility Devices; June 24, 2019). Bird is negligent per se.

13.

Bird provided Plaintiff with a defective product and is strictly liable to Plaintiff.

14.

Bird provided Plaintiff with a product that did not function as intended. Bird is liable to Plaintiff for negligence and breach of warranty of merchantability.

15.

As a direct and proximate result of the above-described negligent acts and omissions of Defendant Bird, Plaintiff Parker sustained numerous injuries. The injuries received by Plaintiff were serious and may be permanent in nature, and as a result thereof, Plaintiff has sustained pain, both in mind and body, and may continue to suffer pain, both now and in the future.

16.

As a direct and proximate result of the above-described negligent acts and omissions of Defendant Bird, Plaintiff incurred, and may continue to incur medical and other expenses.

17.

Further, and as a direct and proximate result of the above-described negligent acts and omissions of Defendant Bird, Plaintiff was rendered disabled for a period from her usual employment and occupation.

18.

Alternatively, the scooter operated by Plaintiff was inspected, maintained, or serviced by Defendant XYZ Corps.

19.

As a direct and proximate result of the above-described negligent acts and omissions of Defendant XYZ Corps, Plaintiff Parker sustained numerous injuries. The injuries received by Plaintiff were serious and may be permanent in nature, and as a result thereof, Plaintiff has sustained pain, both in mind and body, and may continue to suffer pain, both now and in the future.

20.

As a direct and proximate result of the above-described negligent acts and omissions of Defendant XYZ Corps, Plaintiff incurred, and may continue to incur medical and other expenses.

21.

Further, and as a direct and proximate result of the above-described negligent acts and omissions of Defendant XYZ Corps, Plaintiff was rendered disabled for a period from her usual employment and occupation.

22.

On September 20, 2019, Plaintiff, by and through her daughter, notified Defendant Bird about the failure of the brakes on the scooter and asked that the incident and scooter be investigated.

23.

On October 2, 2019, counsel for Plaintiff provided written notification to Defendant Bird demanding that it preserve the scooter and allow Plaintiff to have the scooter inspected by experts of her choosing. To date, Defendant Bird has failed and refused to make the scooter available to Plaintiff for inspection and analysis.

24.

The conduct of Defendant Bird in failing to make the scooter available to Plaintiff for inspection and analysis constitutes spoliation of evidence. Plaintiff contends that Defendant Bird should be sanctioned and precluded from contesting that the brakes on the scooter were in good and proper working order.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

(a)     That service of process be made upon the Defendants as required by law;

(b)     That Plaintiff have and recover judgment against the Defendants for all special damages proven upon trial of this case, including but not limited to medical expenses and loss of income;

(c)     That Plaintiff have and recover judgment against the Defendants for general damages in an amount to be proven upon a trial of this matter;

(d)     For a trial by jury of twelve (12) persons as authorized by law; and

(e)     For such other and further relief as the Court deems just and proper under the

circumstances.

DATED this 14th day of September, 2021.

                                        GOODMAN & GOODMAN, LLP
                                        By:/s/ Michael D. Goodman
                                            Michael D. Goodman
                                            Attorney for Plaintiff
                                            Georgia Bar No. 301185

Suite 265
6445 Powers Ferry Road, N.W.
Atlanta, GA 30339-2909
(770) 952-0400

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06786-S4**
**9/14/2021 7:09 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KATHERINE L. PARKER | ) | |
| | ) | |
| | ) | CIVIL ACTION   **21-C-06786-S4** |
| Plaintiff, | ) | FILE NO.: _____ |
| | ) | |
| v. | ) | <u>JURY TRIAL REQUESTED</u> |
| | ) | |
| BIRD RIDES, INC. and XYZ | ) | |
| CORPORATIONS NOS. 1-5 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## BIRD RIDES, INC.

**TO:   BIRD RIDES, INC.**
c/o National Registered Agents, Inc.
289 S. Culver Street
Lawrenceville, GA 30046 (Gwinnett County)

You are hereby required to answer separately and fully, in writing and under oath, each of the following Interrogatories within forty-five (45) days from the date of service, pursuant to O.C.G.A. § 9-11-26 and § 9-11-33. These Interrogatories shall be deemed to be continuing to the extent provided by law [O.C.G.A. § 9-11-26(e)] and any supplementary responses required thereunder are to be reasonably served upon the undersigned counsel.

Unless otherwise indicated, these Interrogatories refer to time, place, incident, and circumstances of the occurrences mentioned or complained of in the Complaint. In order to simplify the issues and resolve as many of the facts as possible before trial, it is requested that if any of these Interrogatories or portions thereof cannot be answered fully, such shall be answered to the full extent possible with the reason for not answering more fully set forth therein.

## INSTRUCTIONS

### A.

When requested to provide a "date" if more than one date is applicable as a response to a particular Interrogatory, please provide all dates which are necessary to fully complete the response.

### B.

When any term or phrase is used in the singular, please construe that term or phrase as being in the plural if such is necessary to fully complete the response.

### C.

When used in these Interrogatories, the term "Defendant" shall refer to Bird Rides, Inc. (hereinafter "Bird"), and shall include in addition to, all officers, employees, agents, servants and investigators, and all others who may have obtained or have custody of information on behalf of Bird.

### D.

The term "document" as used in these Interrogatories means any writing or any tangible thing of any kind, including, but not limited to, letters, reports, statements, forms, records, data, memoranda, transcripts, testimony, notes, still or moving pictures, photographs, drawings, diagrams, computer printouts, and electromagnetic or electrical impulses which can be decoded or translated into readable form.

### E.

When used in these Interrogatories, a request to "identify" a person means to state that person's full name, his or her present or last known home address and telephone number, and his or her present or last known business address and telephone number.

F.

When used in the Interrogatories, a request to "identify" a document means to explain or describe the nature of the document, i.e., letter, report, email, text message, video, invoice, etc., to identify the person who is the author of the document, to state the date of the document, and to identify the person having custody or control over the document.

## INTERROGATORIES

1.

With respect to the motorized scooter (hereinafter "Scooter") Bird rented to Plaintiff on September 20, 2019, please state:

(a)     The manufacturer, model, serial number, and year of manufacture of the Scooter rented by Plaintiff.

(b)     All dates in which Bird, or anyone on its behalf, performed any inspection, repair, or other service to the Scooter prior to September 20, 2019.

(c)     All dates in which Bird, or anyone on its behalf, performed any inspection, repair, or other service to the Scooter after September 20, 2019.

(d)     Identify all persons who performed the inspection, repair or service noted in (b) and (c) above.

(e)     Identify the specific nature of the inspection, repair or service noted in (b) and (c) above.

(f)     Identify all documentation evidencing the inspection, repair or service noted in (b) and (c) above.

2.

Identify all owner's manuals, service manuals, repair manuals, service bulletins or other technical documents utilized by Bird, or anyone on its behalf, which concern inspection, repair,

service, or maintenance of the Scooter, including, but not limited to, the braking system.

3.

As to any individuals identified in No. 1, state that person(s)' qualifications to inspect, repair and service the Scooter, including a detailed description of any schooling, technical certificates, coursework, or prior job experience in the field of Scooter maintenance and repair.

4.

With respect to the Scooter, state:

(a)     Date it was acquired by Bird;

(b)     Person or entity from whom the Scooter was purchased.

5.

As to the braking system installed in the Scooter, identify all software settings that were in place on September 20, 2019.

6.

Identify all documents which constitute the rental agreement between Bird and Plaintiff, including all communication on the Bird "app."

7.

Regarding Plaintiff's rental of the Scooter, identify all data downloaded by Bird from the Scooter which concerns:

(a) Time of rental

(b) Duration of trip

(c) Method of operation of the Scooter by Plaintiff, including speed and braking function

(d) Topography of trip

(e) Mechanical functioning of the Scooter, including its brake function

(f) Use of the Scooter by the next renter or operator after Plaintiff.

8.

Identify all persons or entities who made any investigation, or provided any consultation, with respect to the circumstances surrounding, or cause of, the alleged failure of the Scooter's braking system on September 20, 2019.

9.

Identify by name and job title all Bird employees or agents who had any communication with Plaintiff concerning the alleged failure of the Scooter's braking system. As to each such individual, state:

(a)   Manner of communication (phone, text, email, letter)

(b)   Date and time of the communication

(c)   Substance of the communication.

10.

Pursuant to O.C.G.A. § 9-11-30(b)(6), designate an individual or individuals who may be called to testify at a deposition concerning the following issues:

(a)   The history of inspections, maintenance, and repair of the Scooter;

(b)   Any investigation of the cause of the failure of the Scooter while being used by
       Plaintiff on September 20, 2019.

11.

Identify all persons that to you or your representative's knowledge, information or belief:

(a)   Were eyewitnesses to the incident giving rise to this lawsuit

(b)   Have relevant knowledge concerning any of the events giving rise to, or
       concerning, this lawsuit or any issue of liability or damages in this lawsuit, which
       were not identified in sub-part (a) above.

12.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, surveillance material, including but not limited to photographs, videotapes, and reports relating to such surveillance, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

13.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you, or on your behalf, to make an evaluation or investigation of the incident giving rise to this lawsuit or any damages sustained by Plaintiff.

14.

Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

15.

For each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving such statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person who has possession, custody, or control of each statement.

16.

Please identify, with reasonable particularity, all books, documents and other tangible items which support your defenses or contentions that have not already been identified , or which

are otherwise relevant to the issues in this lawsuit, and give the name and address of the person(s) having possession, custody or control of each such item.

17.

Please state the name of the insurance company issuing your liability coverage for the incident in question and state the effective dates for your liability coverage which applied to the occurrence under investigation in this lawsuit, and the amounts of each coverage provided under said policy.

18.

Please state whether you have any other liability insurance coverage which would apply to the occurrence under investigation, such as an "excess" policy.  If so, identify the insurance company providing such coverage and the limits of coverage provided.

19.

Please identify all incidents in which a customer of Bird has alleged that the braking system on a rented Bird motorized scooter failed. As to each such incident, please state:

(a)     Identify the person making the allegation of brake failure, including the identity of counsel representing such person

(b)     Whether the person making the allegation of brake failure also alleged bodily injury caused by the brake failure

(c)     Whether a liability claim or a lawsuit was asserted for bodily injury

(d)     If a lawsuit was brought, state the style of the case (name of parties, name of court, and case number)

(e)     The disposition of any such litigation or claim (i.e., settlement, dismissal, jury verdict).

20.

Identify all inquiries and investigations by any governmental entity or agency (federal, state, or local) into the failure of the braking systems on Scooters rented to the public by Bird.

21.

Identify all documents presented by Bird to any department of the government of the City of Atlanta, or received by Bird from any such department, which concern the application by Bird for a permit or license to operate its scooter rental business within the City of Atlanta.

22.

Identify all documents presented by Bird to any department of the government of the City of Atlanta, or received by Bird from any such department, which concern all renewals of Bird's permit or license to operate its scooter rental business within the City of Atlanta.

23.

If you contend any persons or entities other than Bird are legally responsible for Plaintiff's accident and injuries, either in whole or part, please identify such individuals and state the basis for your contentions.

24.

State the name, address, and relationship to you of each person who provided any information used in responding to these Interrogatory questions and accompanying Request for Production of Documents.

DATED this 14th day of September, 2021.

GOODMAN & GOODMAN, LLP


By:/s/ Michael D. Goodman
    Michael D. Goodman
    Attorney for Plaintiffs
    Georgia Bar No. 301185


Suite 265
6445 Powers Ferry Road, N.W.
Atlanta, GA  30339-2909
(770) 952-0400

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06786-S4**
**9/14/2021 7:09 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

KATHERINE L. PARKER )
)
) CIVIL ACTION **21-C-06786-S4**
Plaintiff, ) FILE NO.: _____
)
v. ) JURY TRIAL REQUESTED
)
BIRD RIDES, INC. and XYZ )
CORPORATIONS NOS. 1-5 )
)
) 
Defendant. )

---

### PLAINTIFF'S FIRST REQUEST FOR PRODCUTION OF DOCUMENTS TO DEFENDANT BIRD RIDES, INC.

---

**TO:   BIRD RIDES, INC.**
c/o National Registered Agents, Inc.
289 S. Culver Street
Lawrenceville, GA 30046 (Gwinnett County)

COMES NOW the Plaintiff, party in the foregoing matter, and pursuant to O.C.G.A. § 9-11-34, propounds this Request for Production of Documents. The Defendant is required to produce said documents upon counsel for Plaintiff within forty-five (45) days from the date of service of this Request for Production of Documents at the offices of the attorney for the Plaintiff. In lieu of such production, Defendant may provide counsel with legible photocopies of the requested information.

### INSTRUCTIONS

A.

When used in the Request for Production of Documents, the term "Defendant" shall refer to Bird Rides, Inc. (hereinafter "Bird"), and shall include in addition to, all officers, employees, agents, servants and investigators, and all others who may have obtained or have custody of information on behalf of Bird.

B.

The term "Document" as used in this Request for Production of Documents means any writing or any tangible thing of any kind, including, but not limited to, letters, reports, statements, forms, emails, text messages, video, recordings, data, memorandum, transcripts, testimony, notes, still or moving pictures, photographs, drawings, diagrams, computer printouts, and electromagnetic or electrical impulses which can be decoded or translated into readable form.

C.

If, in response to any request, there are any documents requested which are not produced because of a claim of privilege or any other reason, please note such failure to produce as an objection to the request and comply with the request to the extent to which it is not subject to the objection.

D.

If the original of a document is within your possession, custody or control, please produce it; if not, produce such copy of it as is in your possession, custody or control. Any copy of a document on which any notation, addition, alteration or change has been made is to be treated as constituting an additional original document

**REQUESTS**

1.

Please produce any and all documents which were identified in, referred to, or otherwise evidence, in any way, your response to Interrogatory Numbers: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24.

DATED this 14th day of September, 2021.

GOODMAN & GOODMAN, LLP

By:/s/ Michael D. Goodman
   Michael D. Goodman
   Attorney for Plaintiffs
   Georgia Bar No. 301185

Suite 265
6445 Powers Ferry Road, N.W.
Atlanta, GA  30339-2909
(770) 952-0400

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-06786-S4
9/14/2021 7:09 PM
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of Gwinnett _____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number | 21-C-06786-S4 |

**Plaintiff(s)**
Katherine L. Parker

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Bird Rides, Inc
XYZ CORPORATIONS NOS. 1-5

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-06786-S4**

**9/20/2021 6:46 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KATHERINE L. PARKER | ) | |
| **Plaintiff** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 21-C-06786-S4** |
| **v.** | ) | |
| | ) | |
| BIRD RIDES, INC and | ) | |
| XYZ CORPORATIONS NOS 1-5 | ) | |
| **Defendant** | ) | |

---

### AFFIDAVIT OF SERVICE

Personally appeared before the undersigned attesting officer authorized by law to administer oaths, Hendryx Colón, who is a citizen of the United States, is over the age of 18 years, having been duly sworn, deposed and states as follows:

1.

I am authorized and directed to serve NATIONAL REGISTERED AGENTS, INC, the Registered Agent for BIRD RIDES, INC with a copies of GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM, SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFF'S FIRST INTERROGATORIES TO BIRD RIDES, INC, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO BIRD RIDES, INC pertaining to civil action number 21-C-06786-S4.

2.

I did serve the aforementioned documents upon Jane Richardson, an employee of NATIONAL REGISTERED AGENTS, INC authorized to accept legal documents on the 15th day of September, 2021 at 12:30 P.M., at 289 S. Culver Street, Lawrenceville, Georgia 30046.

Copy from re:SearchGA

**FURTHER AFFIANT SAYETH NOT.**

**HENDRYX COLÓN, P.I.**

**GA Certified Process Server #CPS329**

Sworn to and subscribed before me,
this _20_ day of _Sept._ , 2021.

**Notary Public**

A REHMATULLA
NOTARY
EXPIRES
GEORGIA
MAR. 14, 2022
PUBLIC
GWINNETT COUNTY

Copy from re:SearchGA